IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Shakia Walters, | ) | C/A No. 5:13-2447-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| AutoZone Stores, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Shakia Walters, filed this employment action alleging gender discrimination, sexual harassment, and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., against her former employer, identified as AutoZone Stores, Inc. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's motion for summary judgment. (ECF No. 43.) Walters filed a response in opposition (ECF No. 46), and the defendant replied (ECF No. 48). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion for summary judgment should be granted.

## BACKGROUND

The following facts are either undisputed or are viewed in the light most favorable to Walters, to the extent they find support in the record. Walters asserts that she was subjected to repeated sexual harassment "at the hands of Defendant's clients . . . . over the course and scope of her employment." (Compl., ECF No. 1 at 2.) Walters alleges that, after making repeated complaints to her supervisor about the sexually harassing behavior, Walters's work hours were reduced and her

PJG

duties given to a male employee. (Id. at 4.) Walters alleges that she felt compelled to resign from her position on August 25, 2011. (Id. at 2.) Walters filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the EEOC issued a Notice of Right to Sue on June 7, 2013. (Id. at 5.) Walters filed the instant action on September 10, 2013, seeking damages, attorney's fees, and costs. (Id. at 5-6.)

## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of *material fact*." Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (emphasis in original) (internal quotation marks and citation omitted). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257.

In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639,



645 (4th Cir. 2002). The court cannot make credibility determinations or weigh the evidence, but the court should examine uncontradicted and unimpeached evidence offered by the moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The court must determine whether a party's offered evidence is legally sufficient to support a finding of discrimination and look at the strength of a party's case on its own terms. See id. at 148 (stating that "[c]ertainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory").

**B.     Walters's Claims**

Walters alleges claims of gender discrimination, sexual harassment, and retaliation in her Complaint.[1] (Complaint, ECF No. 1 at 2-5.) Title VII prohibits employers from discriminating against an employee based on "such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Title VII also makes it unlawful for an employer to retaliate against an employee for engaging in activity protected by the statute. See 42 U.S.C. § 2000e-3(a). Under Title VII, an employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees," 42 U.S.C. § 2000e(b), and a defendant must fit this definition to be held liable under that statute. See Harris v. Palmetto Tile, Inc., 835 F. Supp. 263, 266 (D.S.C. 1993).

---

[1] The defendant asserts that Walters failed to exhaust her administrative remedies with respect to her gender discrimination claim. (Def.'s Mem. Supp. Mot. Summ. J., ECF No. 44 at 11-12.) Walters did not address this argument or otherwise discuss her gender discrimination claim in her response in opposition to summary judgment. (See Pl.'s Resp. Opp'n, ECF No. 46 at 8.) Therefore, as noted by the defendant in its reply brief (Def.'s Reply, ECF No. 48 at 4), Walters appears to have conceded or abandoned her gender discrimination claim.



The defendant argues that Walters's claims should be dismissed because AutoZone Stores, Inc., has no employees and never employed Walters. (See generally Def.'s Mot. Summ. J., ECF No. 43 at 1; Def.'s Mem. Supp. Mot. Summ. J., ECF No. 44 at 8-9.) In support of its motion, the defendant references its Answer, which repeatedly asserts that no employment relationship ever existed between Walters and Defendant AutoZone Stores, Inc., and that it is not an employer within the meaning of Title VII. (Def.'s Answer, ECF No. 11.) The defendant's answers to the court's interrogatories pursuant to Local Rule 26.01 (D.S.C.) also assert that it was improperly identified as a defendant and that Walters was actually employed by AutoZoners, LLC. (ECF No. 12 at 2-3.) The defendant further provides a job data sheet reflecting AutoZoners, LLC, as Walters's employer (ECF No. 48-1) and a declaration from Patrick Johnson, employed by AutoZoners, LLC, as "the State Income Tax Manager for various AutoZone entities." (Johnson Decl., ECF No. 44-12 at 1.) Johnson declares that "AutoZoners, LLC is the employer of the [employees] who work in the AutoZone retail store located at 829 John C. Calhoun Dr., Orangeburg, South Carolina (Store No. 291), including Plaintiff Shakia Walters, who was employed by AutoZoners, LLC from January 8, 2011 through August 25, 2011." (Id.) Johnson further declares that during the time period of Walters's employment, the named defendant, AutoZone Stores, Inc., was the sole member of AutoZoners, LLC. (Id.) Johnson declares that AutoZone Stores, Inc., has no employees. (Id.)

Walters's response in opposition to the defendant's motion for summary judgment asserts that AutoZone Stores, Inc., is the proper party in this case as it is "within the many layers of the

AutoZone onion."[2]  (Pl.'s Resp. Opp'n, ECF No. 46 at 14-16.)  In support of this argument, Walters

provides the EEOC Charge of Discrimination cover sheet (ECF No. 47-5) listing AutoZone, Inc.,

as Walters's employer and response to the EEOC Charge of Discrimination (ECF No. 47-6 at 1-3)

made by LaJuene Rose, Employee Relations Managing Attorney for AutoZone, Inc.  Walters also

references training materials (ECF No. 44-3) and provides time cards (ECF No. 47) and payroll

documents (ECF No. 47-7) referencing AZO or AutoZone, Inc., as her employer.  However, as

argued by the defendant, AutoZone, Inc., a separate and distinct entity from AutoZone Stores, Inc.,

is not named as a defendant in this case.  (Def.'s Reply, ECF No. 48 at 2; see also Def.'s Rule 26.01

Answers, ECF No. 12 at 1-2.)  Moreover, the defendant correctly argues that the evidence presented

by Walters fails to establish that she was employed by AutoZone Stores, Inc., or that the defendant

named in this case satisfies the definition of "employer" under Title VII.  (Def.'s Reply, ECF No.

48 at 2-3.)

　　　Based on the record in this case, the court concludes that no reasonable jury could find that

Defendant AutoZone Stores, Inc., is an employer as defined by Title VII, or that this entity is liable

to Walters for the claims asserted in this case.  The court notes that this issue was raised in the

---

[2] The court notes that separate entities can be determined to be a single or integrated employer under certain circumstances.  See Harris, 835 F. Supp. 263 at 266-67 (discussing the "single employer doctrine" where two entities may be considered a single employer where one controls the employment practices and decisions and dominates the operations of the other) (citing Johnson v. Flowers Indus., Inc., 814 F.2d 978, 981 (4th Cir. 1987)); see also Hukill v. Auto Care, Inc., 192 F.3d 437, 442 (4th Cir. 1999) ("In determining whether to treat corporate entities as an 'integrated employer,' . . . the factors we should consider include:  (1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4) degree of common ownership/financial control."), abrogated on other grounds by Arbaugh v. Y&H Corp., 546 U.S. 500 (2006).  In the instant action, Walters provides no factual allegations to plausibly assert that AutoZone Stores, Inc., should be considered a single or integrated employer with any of the other corporate entities referenced in this case, much less any evidence to refute the defendants' well-supported motion for summary judgment.



defendant's Answer and that Walters, to date, has made no attempt to amend her Complaint to name

the correct party.  Accordingly, the court finds that the defendant's motion for summary judgment

should be granted.[3]

## RECOMMENDATION

Based on the foregoing, the court recommends that the defendant's motion for summary

judgment be granted (ECF No. 43).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 6, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] The defendant further argues that Walters's Title VII claims are untimely.  (Def.'s Mem. Supp. Mot. Summ. J., ECF No. 44 at 9-10.)  A plaintiff must bring suit within ninety days of receiving a notice of right to sue from the EEOC.  42 U.S.C. § 2000e-5(f)(1).  In this case, it is undisputed that the EEOC issued a right-to-sue notice on June 7, 2013.  (Compl., ECF No. 1 at 3, 5; see also Notice of Right to Sue, ECF No. 44-11.)  Where "the actual date of receipt is confirmed by evidence, that date governs . . . . [i]f the date is unknown, however, it is presumed that service by regular mail is received within three days."  Nguyen v. Inova Alexandria Hosp., No. 98-2215, 1999 WL 556446, at *3 (4th Cir. July 30, 1999) (citations omitted).  Walters's right-to-sue notice is presumed to have been received on June 10, 2013 and she filed the instant action over ninety days later on September 10, 2013.  While counsel for Walters asserts in her memorandum that the EEOC right-to-sue letter was postmarked on June 10, 2013 and received on June 12, 2013 (Compl., ECF No. 1 at 3, 5; Pl.'s Resp. Opp'n, ECF No. 46 at 18), the record contains no admissible evidence to support these assertions and rebut the three-day presumption.  (See Def.'s Reply, ECF No. 48 at 3.)  Therefore, even if the proper defendant had been named in this action, the court concludes that Walters's Title VII claims are untimely filed based on the record before the court.  Accordingly, the court finds that the defendant is entitled to summary judgment on this basis as well.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).