# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Shakia Walters, | ) | Civil Action No. 5:13-cv-02447-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| AutoZone Stores, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Shakia Walters filed this action against Defendant AutoZone Stores, Inc., alleging that she was subjected to gender discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17.  (ECF No. 1.)

This matter is before the court on AutoZone Stores, Inc.'s Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.  (ECF No. 43.)  In accordance with 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.  On January 6, 2016, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant AutoZone Stores, Inc.'s Motion for Summary Judgment.  (ECF No. 49.)  Walters filed Objections to the Magistrate Judge's Report and Recommendation, which are presently before the court.  (ECF No. 50.)  For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's recommendation and **GRANTS** AutoZone Stores, Inc.'s Motion for Summary Judgment.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

The facts of this matter are discussed in the Report and Recommendation.  (ECF No. 49.)  The court concludes, upon its own careful review of the record, that the Magistrate Judge's

factual summation is accurate and incorporates it by reference. The court will only reference herein additional facts viewed in the light most favorable to Plaintiff that are pertinent to the analysis of her claims.

Walters is a 27-year-old, African-American woman. (ECF No. 44-8 at 1.) On or about January 8, 2011, Walters was hired as a commercial driver at the AutoZone store located at 829 John C. Calhoun Drive in Orangeburg, South Carolina. (ECF Nos. 44-2 at 7:17–21 & 44-8 at 1.) Walters' job responsibility was to deliver parts ordered on the commercial accounts serviced by the Orangeburg store. (ECF No. 44-2 at 2:10–24.) Walters asserts that she worked full-time hours at the beginning of her employment. (Id. at 7:7–11; ECF No. 46 at 3.) Walters reported to Barbara Shuler, who was a commercial driver and also the acting commercial manager. (ECF No. 44-2 at 5:2–17.) Shuler reported to the store manager, Kyle Pierson, who, in turn, reported to the district manager, David Bradley. (Id. at 8:19–9:5 & 12:23–13:3.)

Within a few weeks after she began making deliveries to A-1 Rodriguez Tire & Auto Service, Walters asserts that she was sexually harassed/assaulted over a period of time by the owner of the store (Albert Rodriguez) and an employee (Patrick). (ECF No. 44-2 at 30–37.) Walters claims that she reported the incidents to Shuler immediately, but Shuler either dismissed the complaints or said that she would report them to the owner's wife, Letty Rodriguez. (Id. at 30:2–12 & 32:2–13.) Walters eventually reported the incidents of harassment/assault to the assistant store managers (Chris and Rick) and then to Pierson and Bradley. (Id. at 38:9–24 & 39:7–40:25.) When he learned about the incidents, Bradley contacted the regional human resources manager (Zack Harris), who relieved Walters from having to deliver parts to A-1 Rodriguez. (Id. at 44:5–22.) During her discussion with them about the events at A-1 Rodriguez Tire & Auto Service, Walters told Bradley and Harris that Shuler was reducing her hours. (Id. at

2

45:11–23.)

Within a month or two after her employment began, Walters asserts that her relationship with Shuler began to deteriorate after Bradley and a regional manager allegedly told Shuler that Walters "was a pretty girl" and "sales should go up" because of her. (ECF No. 44-2 at 22:18–24.) Thereafter, Walters asserts that Shuler expressed her jealousy of Walters by cutting her hours and making disciplinary complaints against her.[1]  (Id. at 22:25–25:19.)  After the week of May 2, 2011 to May 6, 2011, Walters asserts that she never again worked more than 30 hours. (ECF No. 46 at 2–3.)

On May 10, 2011, Walters met with Harris and Bradley regarding her issues with Shuler. (ECF Nos. 44-2 at 49–53 & 44-8 at 5.) At the conclusion of that meeting, the decision was made to move Walters out of the commercial driving program and into the retail side of the store as a cashier. (ECF No. 44-2 at 53:5–16.) Even though she was no longer a commercial driver, Walters alleges she continued to have problems with Shuler. (Id. at 64:19–21.) On August 10, 2011, Walters gave 2 weeks' notice of her resignation, effective August 25, 2011, asserting that she was quitting "due to the amount of stress and harassment from employees and customers and also due to my hours being cut." (ECF No. 44-7 at 1.)

Thereafter, on or about July 13, 2011, Walters filed a Charge of Discrimination (the "Charge") with the United States Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission ("SCHAC"). (ECF No. 44-9 at 1.) In the

---

[1] On or about March 11, 2011, Pierson issued Walters a Corrective Action Review Form ("CARF") after receiving a Motor Vehicle Observation Reports ("MOR") from an anonymous caller who stated that Walters "made a left turn out of a parking lot without waiting for clearance causing the caller to beep his horn." (ECF No. 44-4 at 1.) Pierson met with Walters about the matter and she denied the incident. (ECF No. 44-2 at 18:5–24.) On or about April 28, 2011, Pierson issued Walters a second CARF as a result of another MOR. (ECF No. 44-5 at 1.) The second MOR came from a caller reporting that on or about April 20, 2011, a "female driver was weaving in & out of traffic . . . ." (Id.)  Walters disagreed with the CARF. (Id.)

Charge, Walters alleged that she was discriminated against because of her sex and retaliated against in violation of Title VII. (Id.) Walters stated the following particulars in her Charge:

> I began my employment with AutoZone on February 7, 2011. I have performed at an above standard level. I was subjected to sexual harassment. Following my report of sexual assault my hours were reduced, I was disciplined with a written warning, and I was transferred to a position with less favorable hours.
>
> Following the sexual assault I was not assigned to deliver to the same location. I was told the disciplinary action was due to an MOR/complaint. I was not provided an explanation for the loss of hours, but told I would be assigned to work the front for a year before I could return to the Driver position.

(Id.) In March of 2012, Walters amended her Charge to include an allegation that "[a]fter reporting sexual harassment, I was regularly sent home from work prior to the completion of my shift . . . [which] is one of the factors that contributed to being constructively discharged on August 29, 2011." (ECF No. 44-10 at 1.)

After receiving notice of the right to sue from the EEOC as to the Charge, Walters filed an action in this court on September 10, 2013, alleging claims for gender discrimination and sexual harassment (Count 1) and retaliation (Count 2) in violation of Title VII. (ECF No. 1 at 2–5.) AutoZone Stores, Inc., answered the Complaint on March 3, 2014, denying its allegations. (ECF No. 11.) On June 10, 2015, AutoZone Stores, Inc., moved for summary judgment arguing in part that (1) it was not Walters' specific employer or an employer within the meaning of Title VII and (2) Walters' claims were untimely having been filed more than 90 days after receipt of notice of the right to sue. (ECF No. 43 at 1.) Walters filed a Response to the Motion for Summary Judgment on June 29, 2015, to which AutoZone Stores, Inc., filed a Reply Memorandum in Support of Summary Judgment on July 8, 2015. (ECF Nos. 46, 48.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.), the Magistrate Judge issued her Report and Recommendation on January 6, 2016, recommending that the court grant AutoZone Stores, Inc.'s Motion for Summary Judgment. (ECF No. 49.) On

4

January 25, 2016, Walters filed Objections to the Report and Recommendation. (ECF No. 50.) AutoZone Stores, Inc., replied to Walters' Objections on February 11, 2016. (ECF No. 52.)

Thereafter, on March 8, 2016, the court heard argument from the parties on the pending Motion for Summary Judgment. (ECF No. 55.)

## II.     JURISDICTION

This court has jurisdiction over Walters' Title VII claims via 28 U.S.C. § 1331, as the claims arise under a law of the United States, and also via 42 U.S.C. § 2000e–5(f)(3), which empowers district courts to hear claims "brought under" Title VII.

## III.    LEGAL STANDARD

A.     The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to - including those portions to which only "general and conclusory" objections have been made - for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

B.     Summary Judgment Generally

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law.  Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248–49 (1986).  A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party.  Newport News Holdings Corp. v. Virtual City Vision, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).  The non-moving party may not oppose a motion for summary judgment with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial.  Fed. R. Civ. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991).  All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  Anderson, 477 U.S. at 249.  "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion."  Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995).

## IV.    ANALYSIS

A.    The Report and Recommendation

In the Report and Recommendation, the Magistrate Judge observed that throughout the litigation AutoZone Stores, Inc., has maintained that it "has no employees and never employed Walters" and "is not an employer within the meaning of Title VII."  (ECF No. 49 at 7 (citing, e.g., ECF Nos. 11, 12 at 2–3, 44 at 8–9 & 44-12 at 1).)  Therefore, after considering Walters' evidence in opposition to AutoZone Stores, Inc.'s assertions of its nonemployer status, the

Magistrate Judge concluded that "no reasonable jury could find that Defendant AutoZone Stores, Inc., is an employer as defined by Title VII, or that this entity is liable to Walters for the claims asserted in this case." (ECF No. 49 at 5.) Accordingly, the Magistrate Judge recommended granting AutoZone Stores, Inc.'s Motion for Summary Judgment. (Id. at 6.)

B.    Plaintiff's Objections

In her Objections, Plaintiff spends a considerable portion of her submission discussing why her Title VII claims are supported by sufficient facts (ECF No. 50 at 2–8). She then proceeds to voice her only substantive challenge to the Report and Recommendation arguing that "the majority of the evidence shows that Defendant was/is indeed the proper party." (Id. at 10.) In support of this argument, Plaintiff directed the court's attention to the several documents, i.e., the Charge, the Position Statement, training materials, and payroll data documents, which documents allegedly support Plaintiff's position that AutoZone Stores, Inc., was her employer. (Id. at 10–11.) Plaintiff then argues that "facts remain in controversy over who Plaintiff's employer actually is within the many layers of the AutoZone onion[]" and therefore "Summary Judgment should be denied on the issue of who the liable entity is should Plaintiff succeed at trial." (Id. at 12.) Finally, in closing, Plaintiff addressed issues regarding the timeliness of her action stating that her "[s]uit was timely filed in this matter within ninety (90) days of the actual receipt of the Notice of the Right to Sue and Summary Judgment should be denied on this defense." (Id.)

C.    The Court's Review

Under 42 U.S.C. § 2000e(b), an employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a

7

person, . . . ." Id. Employers with less than 15 employees are considered exempt from Title VII's requirements. Depaoli v. Vacation Sales Assocs., L.L.C., 489 F.3d 615, 622 (4th Cir. 2007). Because Title VII does not apply to all employers, "the threshold number of employees for application of Title VII is an element of a plaintiff's claim." Arbaugh v. Y & H Corp., 546 U.S. 500, 516 (2006). Thus, summary judgment is appropriate if, as a matter of law, if AutoZone Stores, Inc., is not an employer under Title VII.

Since appearing in this matter, AutoZone Stores, Inc., has asserted that it is not Walters' employer. In its Answer, AutoZone Stores, Inc., denied that "it is an employer within the meaning of Title VII" and asserted that "Plaintiff's claims should be dismissed because Defendant was not Plaintiff's employer and, therefore, cannot be held liable for Plaintiff's claims brought pursuant to Title VII . . . ." (ECF No. 11 at 2 ¶ 10 & 6 ¶ 33.) Thereafter, in its Answers to Local Civil Rule 26.01 (D.S.C.) Interrogatories, AutoZone Stores, Inc., stated that "Plaintiff was employed by AutoZoners, LLC not AutoZone Stores, Inc." and requested that "AutoZone Stores, Inc. be dismissed from the action."[2] (ECF No. 12 at 2–3.) Finally, in the Declaration of Patrick Johnson, the State Income Tax Manager of the AutoZone entities declared as follows:

> AutoZoners, LLC is the employer of the AutoZoners who work in the AutoZone retail store located at 829 John C. Calhoun Dr., Orangeburg, South Carolina (Store No. 291), including Plaintiff Shakia Walters, who was employed by AutoZoners, LLC from January 8, 2011 through August 25, 2011.
>
> At the time of Shakia Walters' employment, AutoZone Stores, Inc. was the sole member of AutoZoners, LLC. AutoZone Stores, Inc. has no employees.

(ECF No. 44-12 at 1 ¶¶ 3, 4.)

In support of her argument that AutoZone Stores, Inc., is the proper party in this case, Walters directed the court's attention to the Charge (ECF No. 44-9 at 1), the Position Statement

---

[2] The court observes that counsel volunteered to accept service of an amended summons and pleading reflecting AutoZoners, LLC, as the proper party defendant. (ECF No. 12 at 2 ¶ F.)

(ECF No. 47-6), the corporate handbook (ECF No. 44-3), payroll data documents (ECF No. 47-7), and a New York Stock Exchange ("NYSE") company information sheet (ECF No. 47-8). The court reviewed these documents and did not ascertain information in them that contradicted AutoZone's Stores, Inc.'s argument, supported by Affidavit and court filings, that it is not Walters' employer. More specifically, the court observes that "AUTO ZONE" is the name of the employer stated in the Charge and AutoZone, Inc., is the company identified in the Position Statement, on the bottom of the handbook's pages, and is represented by the stock symbol "AZO" on payroll documents and NYSE information sheet.[3] None of these documents refer to AutoZone Stores, Inc. As a result, the court concludes that the foregoing evidence establishes beyond any genuine dispute of fact that AutoZone Stores, Inc., neither employed Walters nor meets the definition of an employer under Title VII.[4] Therefore, AutoZone Stores, Inc., is entitled to summary judgment on claims asserted against it for alleged violations of Title VII. E.g., Singleton v. Greenville Hous. Auth., C/A No. 6:09-2104-JMC-KFM, 2010 WL 6065085, at *4 (D.S.C. Sept. 21, 2010) ("A defendant must be an employer within the definition of Title VII as a jurisdictional prerequisite to the maintenance of a Title VII action."); Sizemore v. Sw. Va. Reg'l Jail Auth., C/A No. 1:08cv00035, 2009 WL 396115, at *6 (W.D. Va. Feb. 17, 2009) ("[T]he Fourth Circuit has clearly spoken on this issue, holding that it is only employers that can be held liable under Title VII.").

## V. CONCLUSION

Upon careful consideration of the entire record, the court hereby **GRANTS** the Motion for Summary Judgment of Defendant AutoZone Stores, Inc. (ECF No. 43.) The court

---

[3] Walters did not present argument or evidence of an integrated employment enterprise to warrant the court addressing the issue.
[4] Because the court finds that AutoZone Stores, Inc., was not Walters' employer, the court need not address the remaining arguments presented by the parties.

**ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 49) and incorporates it herein by reference.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 15, 2016
Columbia, South Carolina